IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| WENDY MELVIN, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED, | § § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:14-CV- |
| | § | |
| PEOPLE SALES & PROFIT COMPANY, INC. | § | JURY DEMAND |
| d/b/a STEAK 'N SHAKE, | § | |
| Defendant. | § | |

## COMPLAINT

COMES NOW, WENDY MELVIN, hereinafter referred to as "Plaintiff," and files her

Complaint against STEAK 'N SHAKE, hereinafter referred to as "Defendant" pursuant to the

Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. and § 216(b) as follows:

## INTRODUCTION

This is an action for the recovery of unpaid minimum wage, unpaid overtime and

liquidated damages due to Plaintiff for hours worked for Defendant, and for hours worked in

excess of forty (40) hours per week for the last three (3) years that she was employed by

Defendant.

## PARTIES

1.

Plaintiff was an assistant manager employed by Defendant until her recent termination by

Defendant.

1

2.

Defendant is a limited liability corporation registered to do business in the state of Georgia. Defendant operates a restaurant by the name of "Steak 'N Shake" in Brunswick, Glynn County, Georgia.

## JURISDICTION

3.

This Court has jurisdiction over this action in that it involves a question of federal law; the Fair Labor Standards Act, 29 U.S.C. Section 201 et. seq., as amended, hereinafter referred to as the FLSA. This Court has jurisdiction over this action under Section 216(b) of the FLSA and 28 U.S.C. Section 1331.

## VENUE

4.

All of the relevant acts and events took place within this judicial district and division. Venue is therefore proper in this United States District Court pursuant to 28 U.S.C. Section 1391 (b).

## PARTIES

5.

At all times relevant hereto, Plaintiff was a resident of this judicial district and division.

6.

At all times relevant hereto, Defendant was conducting business within this judicial district and division, and was an employer as defined by the Fair Labor Standards Act.

2

7.

At all times relevant hereto, Defendant was Plaintiff's employer within the meaning of The FLSA.

## COUNT ONE: VIOLATION OF THE FAIR LABOR STANDARDS ACT

8.

At all times material to this action, Defendant was an enterprise within the meaning of the FLSA. Its officers and employees were engaged in and are currently engaged in the business of operating a restaurant, namely "Steak 'N Shake" located on Highway 82 in Glynn County, Georgia.

9.

At all times relevant to this action, Defendant had control over Plaintiff's work and hours of work.

10.

At all times relevant to this action, Defendant was an employer within the meaning of the FLSA, and thereby had the responsibility to keep an accurate record of the working hours of Plaintiff and its other employees.

11.

At all times relevant to this action, Plaintiff was an employee of Defendant within the meaning of the FLSA.

12.

Plaintiff began working for Defendant on September 12, 2012.

3

13.

Plaintiff began working for Defendant as a server at pay rate of $2.13 per hour.

14.

On or about August 1, 2013, Plaintiff was promoted to trainer, and her pay rate was increased to $3.13 per hour.

15.

In October 2013, Plaintiff began working full time for Defendant, and was promoted to the position of Service Manager of its Steak 'N Shake restaurant located on Highway 82 in Glynn County, Georgia.

16.

When Plaintiff was promoted to Service Manager, her rate of pay was increased to $5.00 per hour.

17.

Plaintiff was not paid for all of the hours that she worked for Defendant.

18.

Defendant falsified Plaintiff's time records, and required Plaintiff to falsify her time records.

19.

Defendant maintained a time clock throughout the time period during which Plaintiff was employed by Defendant.

20.

Plaintiff's proper pay rate was $5.00 per hour.

21.

Plaintiff's proper overtime pay rate was $7.50 per hour.

22.

Defendant owes Plaintiff overtime compensation.

## COUNT TWO:  ALLEGATIONS PERTAINING TO DEFENDANT'S FORMER AND CURRENT EMPLOYEES WHO ARE SIMILARLY SITUATED TO PLAINTIFF

23.

The minimum wage rate for the time period during which Plaintiff was employed by Defendant was $7.25 per hour.

24.

At all times relevant to this action, Defendant had a policy and practice of refusing to pay its employees for all of the hours they actually worked.

25.

At all times relevant to this action, Defendant paid its servers $2.13 per hour.

26.

At all times relevant to this action, as a pre-condition to receiving their paychecks, Defendant required its servers to declare that they had earned "MWD", the difference between $2.13, the amount Defendant paid its servers, and $7.25, minimum wage, in tips,  regardless of whether or not the servers had in fact earned minimum wage in tips.

27.

Defendant referred to the difference between $2.13 per hour (the salary for Defendant's servers) and $7.25 as the "Minimum Wage Differential", and commonly referred to this amount as "MWD."

28.

At all times relevant to Plaintiff's claims, Defendant had a policy and practice which dictated that if any of Defendant's servers reported to Defendant that he or she had not earned "MWD", Defendant sent those servers to "retraining."

29.

At all times relevant to Plaintiff's claims, Defendant had a policy and practice of threatening its servers with the warning that if they continued to earn less than "MWD" after they had been "retrained," they were subject to termination.

30.

Defendant threatened its servers with termination if they did not earn MWD after retraining.

31.

Defendant falsified its records of its employees' earned tips so that Defendant's records indicate that its employees earned minimum wage when, in fact, those employees earned less than minimum wage.

32.

There are other current and former employees of Defendant who are similarly situated to Plaintiff in that they currently have or previously had the same job title that Plaintiff had (server) during the same time period when Plaintiff worked for Defendant.

33.

There are other current and former employees of Defendant who are similarly situated to Plaintiff in that they worked as servers during the same time period and at the same location where Plaintiff worked.

34.

There are other current and former employees of Defendant who are similarly situated to Plaintiff in that they have not been paid minimum wage as required by the Fair Labor Standards Act.

35.

There are other current and former employees of Defendant who are similarly situated to Plaintiff in that they have not been paid overtime compensation as required by the terms of the Fair Labor Standards Act.

36.

Defendant's failure to pay overtime compensation to Plaintiff was willful and a reckless disregard for federal law, namely, the FLSA.

37.

Defendant's failure to pay minimum wage to the servers in its employ was willful and a reckless violation of the FLSA.

38.

Defendant's requirement that its employees declare that they had received tips that they had not actually received was a willful and reckless violation of the FLSA.

39.

It would serve the interests of judicial economy to adjudicate the claims of Plaintiff's similarly situated former co-workers in one collective action.

40.

Common issues of law and fact predominate over the individual claims of Plaintiff's similarly situated co-workers in that all of these claims are based on the same pattern of wrongful conduct by Defendant, and will be based on the same evidence.

## COUNT THREE:  RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

41.

On at least three (3) occasions, Plaintiff complained to her supervisors that the servers under her supervision were not being paid minimum wage, $7.25 per hour, in violation of the minimum wage provision of the FLSA.

42.

The last day that Plaintiff complained to her supervisors that servers under her supervision were not being paid minimum wage was January 7, 2014.

43.

Defendant terminated Plaintiff on January 13, 2014.

44.

Defendant terminated Plaintiff in retaliation for protected activity, specifically, in retaliation for complaining about Defendant's servers not being paid minimum wage.

WHEREFORE, Plaintiff prays as follows:

45.

That she be awarded all overtime compensation to which she is entitled, which shall be shown at trial;

46.

That she be awarded all wages to which she is entitled in order that she is compensated in accordance with the minimum wage requirements of applicable laws;

47.

That she be awarded liquidated damages in an amount equal to the amount of overtime compensation owed to her by Defendant;

## PRAYER FOR RELIEF FOR FORMER AND CURRENT EMPLOYEES OF DEFENDANT WHO ARE SIMILARLY SITUATED TO PLAINTIFF

48.

That the employees similarly situated to Plaintiff be awarded all compensation owed to them;

49.

That the employees similarly situated to Plaintiff be awarded liquidated damages in an amount equal to the amount of compensation owed to them;

50.

That Defendant immediately cease its practice of failing to pay its employees minimum wage in violation of the requirements of the FLSA;

51.

That Defendant immediately cease its practice of requiring its servers to declare that they have earned minimum wage in tips when, in fact, they have earned less than minimum wage;

52.

That Defendant immediately undertake to pay all of its current and former employees the wages that it owes to them so that they have received minimum wage for all of the hours that

they worked for Defendant, along with pre-judgment interest and all other damages allowed under applicable law;

53.

That Defendant immediately undertake efforts to pay all its current and former employees all of the overtime compensation due to those employees, along with pre-judgment interest and all other damages allowed under applicable law;

54.

That Defendant be required to pay all of Plaintiff's attorney's fees and other costs of this action;

55.

That Defendant be required to pay attorney's fees and other costs incurred by Plaintiff's similarly situated co-workers in connection with this action;

## PLAINTIFF'S PRAYER FOR RELIEF UNDER COUNT THREE: RETALIATION AGAINST PLAINTIFF IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

56.

That Plaintiff be reinstated to her rightful position that she would have occupied if Defendant had not willfully retaliated against her in response to her complaints about Defendant's violations of the Fair Labor Standards Act;

57.

That Plaintiff be awarded all benefits of employment that she lost as a result of Defendant's retaliatory termination of her employment;

58.

That Plaintiff be awarded all damages allowable under the FLSA for her claims;

59.

That she be awarded a reasonable attorney's fee and the costs of this action;

60.

That Plaintiff be awarded pre-judgment interest; and

61.

That she be awarded such other and further relief that the Court deems necessary and proper in this action.

Respectfully submitted, this 28th day of January, 2014.

/s/ Rita C. Spalding
Rita C. Spalding
Georgia Bar No. 108640
ATTORNEY FOR PLAINTIFF

1522 Richmond Street
Brunswick, GA  31520
(912) 261-8686
(912) 261-8689 *Facsimile*
rspaldinglaw@bellsouth.net

STATE OF GEORGIA

UNITED STATES DISTRICT COURT

## VERIFICATION

PERSONALLY appeared before the undersigned attesting official duly authorized to administer oaths, **WENDY MELVIN**, sworn deposes and states on oath that the facts contained in the foregoing *Complaint* are true and correct to the best of her knowledge, information and belief.

This 23 day of January, 2014.

_Wendymelvin_
WENDY MELVIN, Plaintiff

Sworn to and subscribed before me
this 23 day of January, 2014.

Notary Public
State of Georgia
County of Glynn

My commission expires: Feb 7 2017

DENISE S. ESSERMAN
NOTARY
MY COMM.
EXPIRES
FEB. 7, 2017
PUBLIC
GLYNN COUNTY, GEORGIA

